UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

WILLIAM C. SHAW,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　) 　No. CV-11-021-LRS
　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　) **ORDER OF DISMISSAL**
　　　　　　　　　　　　　　　　　　)
ED HAY, LINCOLN HATHAWAY,　　　　　)
SCOTT MASON, BILL NORTON,　　　　　)
and ROBERT COSSEY,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　 )
_____)

　　　The *pro se* Plaintiff has been allowed to file his Complaint *in forma pauperis* subject to review by the undersigned for legal sufficiency. (Ct. Rec. 3).

　　　Plaintiff's 42 U.S.C. Section 1983 Complaint alleges he was deprived of his federal constitutional rights in connection with certain criminal proceedings against him in the Spokane County Superior Court.

**PROSECUTORIAL IMMUNITY**

　　　Defendant Ed Hay is a deputy prosecuting attorney with Spokane County. "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under Section 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410, 96 S.Ct. 984 (1976). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial which occur in the court of his role as an advocate for the

**ORDER OF DISMISSAL -    1**

State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606 (1993). Plaintiff's Complaint alleges Hay filed an amended information against the Plaintiff "knowing it lacked any factual basis." The filing of an information falls within the scope of a prosecutor's duties in initiating and pursuing a criminal prosecution. Deciding whether to prosecute is an activity protected by absolute prosecutorial immunity. Plaintiff alleges that Hay subsequently made false allegations to the superior court in connection with appear to have been probation revocation proceedings. Making statements that are alleged misrepresentations and mischaracterizations during hearings, during discovery, and in court papers are considered activities intimately connected with the judicial phase of the criminal process and therefore, protected by absolute prosecutorial immunity. *Fry v. Melaragno*, 939 F.2d 832, 837-38 (9th Cir. 1991).

**PROBATION OFFICER IMMUNITY**

Plaintiff alleges Spokane County probation officer Lincoln Hathaway presented false information to the court which resulted in Plaintiff being jailed.

In gathering information relevant to Plaintiff's probation and presenting it to the court, Hathaway was discharging duties to the court placed upon him by Washington law and acting as "an arm of the sentencing judge." Therefore, he is entitled to absolute quasi-judicial immunity which extends to individuals "whose functions bear a close association to the judicial process." *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1985). The purpose of this immunity is to assure that probation officers "can perform their respective functions without harassment or intimidation." *Butz v. Economu*, 438 U.S. 478, 512, 98 S.Ct. 2894 (1978).

**PUBLIC DEFENDERS**

Plaintiff alleges his public defenders in probation proceedings, Bill Norton

**ORDER OF DISMISSAL -    2**

and Scott Mason, rendered constitutionally ineffective assistance by not contesting the allegations against him regarding violations of his probation.

These defendants are not subject to liability under Section 1983 because they are not state actors. A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Co. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law). A public defender "works under canons of professional responsibility that mandate his [or her] exercise of independent judgment on behalf of the client" and the Constitution requires that the state "respect the professional independence of the public defenders whom it engages." *Id*. at 321-22. Thus, although a public defender may be paid by the state, when advocating on behalf of his or her client, a public defender's responsibilities entail "functions and obligations in no way dependant on state authority." *Id*. at 318.

**CONSPIRACY**

It appears Defendant Robert Cossey may have been defense counsel privately retained by Plaintiff. Plaintiff alleges Cossey conspired with Hay to induce Plaintiff to enter an involuntary guilty plea and that this was accomplished by Cossey falsely promising a guilty plea would not effect the outcome of a petition the Plaintiff had pending before the Washington Court of Appeals. Plaintiff alleges the petition ended up being dismissed as moot, as "preplanned" by Hay and Cossey.

A defense attorney who conspires with state officials to deprive a client of his federal rights acts under color of state law and may be liable under Section 1983. *Tower v. Glover*, 467 U.S. 914, 923, 104 S.Ct. 2820 (1984). To prove a conspiracy between the state and private individuals under Section 1983, the

**ORDER OF DISMISSAL -    3**

Plaintiff must show an agreement or meeting of the minds to violate constitutional rights. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). Conclusory allegations are insufficient to state a claim of conspiracy to violate a plaintiff's federal rights. *Ashcroft v. Iqbal*,   U.S.   , 129 S.Ct. 1937, 1949-50 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 1949, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Moreover, to avoid dismissal, a complaint must state a conspiracy claim that is "plausible on its face," meaning that the factual content alleged "allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id*. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief." *Id*., citing Fed. R. Civ. P. 8(a)(2).

     Here, the Plaintiff's allegations regarding an alleged conspiracy between Hay and Cossey are wholly conclusory. The conspiracy claim pled by the Plaintiff is not plausible on its face. The facts pled by the Plaintiff in support of that claim do not permit the court to infer more than the mere possibility of misconduct. To the extent Plaintiff alleges his public defender, Bill Norton, conspired with Hay and Hathaway to have Plaintiff's probation revoked in violation of his constitutional rights, that allegation too is wholly conclusory and is not plausible on its face.

**CONCLUSION**

     Plaintiff's Complaint fails to state a claim on which relief may be granted and otherwise seeks monetary relief against defendants who are immune from such relief. Accordingly, this action is *sua sponte* **DISMISSED** with prejudice pursuant to 28 U.S.C. Section 1915e(2)(B)(ii) and (iii). Plaintiff may appeal this order to the Ninth Circuit Court of Appeals, although this court hereby certifies

**ORDER OF DISMISSAL -    4**

that any appeal taken from this "Order of Dismissal" is not taken in good faith. 28 U.S.C. Section 1915(a)(3).

**IT IS SO ORDERED**.  The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to Plaintiff.

**DATED** this   11th    of April, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER OF DISMISSAL -    5**